FILED
August 16, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARY JANE HERNANDEZ,** § | |
| *Plaintiff*, § | |
| § | |
| *v.* § | |
| § | Civil Action No. 5:18-cv-00955-OLG |
| **ANDREW SAUL, COMMISSIONER OF** § | |
| **SOCIAL SECURITY,** § | |
| *Defendant.* § | |

# ORDER

On this day, the Court considered Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (docket no. 33) (the "Motion"). Having considered the Motion and the record, the Court finds that it should be DENIED. Additionally, the Court finds that oral argument is unnecessary, and thus Plaintiff's Motion for Oral Argument (docket no. 37) is DENIED.

## BACKGROUND

Plaintiff Mary Jane Hernandez ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Social Security Administration's denial of her application for Supplemental Security Income. *See* docket no. 1. Plaintiff's brief contended that the ALJ presiding over her case was not properly appointed under the Appointments Clause of the Constitution. *See* docket no. 15; *see also* U.S. CONST. art. II, § 2 cl. 2. Though the Commissioner conceded that the ALJ was unconstitutionally appointed, the Commissioner opposed Plaintiff's claim on the basis that she forfeited judicial review of the issue by failing to raise it before the ALJ or the Appeals Council. *See* docket no. 17. Plaintiff contended, on the other hand, that she did not need to exhaust her administrative remedies as to the constitutionality of the ALJ who heard her case.

After full briefing and a hearing, Magistrate Judge Henry J. Bemporad issued a Report and Recommendation rejecting the Commissioner's forfeiture argument, recommending that the SSA's decision be vacated and Plaintiff's claim for benefits be remanded to the SSA. *See* docket no. 22. This Court adopted that R & R over the Commissioner's objection. *See* docket no. 27. The Commissioner then appealed this Court's Order and Final Judgment to the Fifth Circuit, which stayed the appeal pending the Supreme Court's decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021). *See* docket nos. 30 and 31. In *Carr*, the Supreme Court rejected the Commissioner's forfeiture argument. *See* 141 S. Ct. 1352.

As a result, Plaintiff files this Motion seeking her attorney's fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"). *See* docket no. 33. The Commissioner opposes the Motion on the grounds that its forfeiture argument was substantially justified in law and fact. *See* docket no. 35. In response, Plaintiff argues that the Commissioner's position was not substantially justified, as shown by the decision of this Court and the unanimous decision by the Supreme Court. *See* docket no. 36. Moreover, Plaintiff asserts that because the Commissioner's forfeiture argument was a novel extension of the law, it cannot be substantially justified under the EAJA. *See id.* Finally, Plaintiff highlights how the Commissioner knew and conceded that Plaintiff's constitutional rights were violated, and yet still fought against remedying that violation on the sole basis of this ultimately rejected forfeiture argument. *See id.* The Court turns to the merits of these arguments.

## **ANALYSIS**

The EAJA provides that a court shall award attorney's fees and expenses to a prevailing party in "any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was

2

substantially justified . . ..." *See* 28 U.S.C. § 2412(d)(1)(A). To be "substantially justified," the Commissioner must show that his position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001) (the government bears the burden of showing that its position is substantially justified). The Fifth Circuit has cautioned that this "standard is not overly stringent, however, and the position of the government will be deemed to be substantially justified 'if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action.'" *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (quoting *Pierce*, 487 U.S. at 565); *Sylejmani v. Barr*, 768 Fed. App'x 212, 217 (5th Cir. 2019). "At bottom, the decision need only be a reasonable one." *McCary-Banister v. Saul*, 2021 WL 3494606, at *2 (W.D. Tex. Aug. 9, 2021).

In his response to the Motion, the Commissioner argues that his position was substantially justified because it was based on a reasonable reading of the Supreme Court's decision in *Lucia*. *See* docket no. 35 (citing *Lucia v. SEC*, 138 S. Ct. 2044 (2018)). In *Lucia*, the Supreme Court held that SEC ALJs were inferior officers that must be appointed in accordance with the Appointments Clause. *See id*. It further held that litigants who raised a "timely challenge" to the ALJ's appointment were entitled to remand. *See id.* at 2055. As a result, the Commissioner argued before this Court and others that a "timely challenge" required Plaintiff to challenge the constitutionality of the ALJ's appointment in front of the SSA before seeking review in federal court. *See* docket no. 35. However, as noted above, the Supreme Court held in *Carr* that a claimant need not challenge the appointment of an SSA ALJ at administrative proceedings to avoid forfeiture. *See Carr*, 141 S. Ct. at 1362. The Commissioner highlights, however, the many district courts and two circuit courts that agreed with his position. *See, e.g., Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th

Cir. 2020); *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020). Given that his argument was widely accepted, the Commissioner argues that it cannot be said that his position was unreasonable.

The Court agrees that the Commissioner's forfeiture argument was reasonable, and thus substantially justified. Though this Court rejected the Commissioner's forfeiture argument, it is undisputed that a majority of the district courts and two circuit courts had adopted the Commissioner's argument. *See Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020); *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020). As such, "reasonable people" could and did differ in their assessment of the Commissioner's actions. *See Davidson*, 317 F.3d at 506. Indeed, several district courts, including at least one in this district, that have considered claimants' motions for attorney's fees in the wake of *Carr* have found that the Commissioner's forfeiture argument was substantially justified based on this pre-*Carr* split in decisions. *See, e.g., McCary-Banister*, 2021 WL 3494606, at \*3; *Dewonkiee v. Comm'r of Social Security*, 2021 WL 3417842, at \*3 (N.D.N.Y. Aug. 5, 2021); *Flynn v. Saul*, 2021 WL 2577146, at \*4-5 (E.D. Pa. June 22, 2021). This Court agrees.

Accordingly, given that the Commissioner's forfeiture argument was reasonable, the Court finds that he has met his burden of establishing that his litigation position was substantially justified. The Court therefore finds that the EAJA bars recovery of attorney's fees, and thus Plaintiff's Motion is DENIED.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (docket no. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument (docket no. 37) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 16th day of August, 2021.

                                                  ORLANDO L. GARCIA
                                    CHIEF UNITED STATES DISTRICT JUDGE